**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 22-cv-02557-REB-NRN

**KEVIN KLABON,**

     Plaintiff,

v.

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

     Defendant.

---

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT**

---

COMES NOW Defendant, Travelers Property Casualty Company of America ("Travelers"), by and through its attorneys of record, Max K. Jones and Maddin M. Nelson of Montgomery Amatuzio Chase Bell Jones, LLP, hereby submits its Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 as follows:

## CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with counsel for Plaintiff concerning the substance of this motion. Plaintiff's counsel opposes the relief requested herein.

## INTRODUCTION

This is an underinsured ("UIM") motorist and insurance bad faith lawsuit that arises out of an auto accident that occurred while Plaintiff was working within the course and scope of his employment with CMI Legacy, LLC d/b/a CMI Mechanical ("CMI Legacy").

Plaintiff alleges that on September 10, 2019, he was operating a vehicle owned by his employer when he was involved in an accident with Rodrigo Canchola-Rodriguez (the "Tortfeasor"). Plaintiff further alleges that he was not negligent or at fault for the accident. Following the accident, Plaintiff filed a workers' compensation claim with CMI Legacy through its insurance policy with Pinnacol Assurance ("Pinnacol"), sought treatment and received workers' compensation benefits, settled with the Tortfeasor for his liability policy limit, and then sought UIM coverage from CMI Legacy's underinsured motorist carrier, Travelers.

Plaintiff then brought the subject lawsuit to recover UIM coverage from Travelers and asserted common law and statutory bad faith claims. However, because Plaintiff treated under Colorado's Workers' Compensation Act (the "WCA"), it became Plaintiff's <u>exclusive</u> remedy. As a result, Plaintiff can only make claims, seek remedies, and file causes of action that the WCA allows him to file *vis-a-vis* his employer and his employer's insurers. Travelers demonstrates, through recent Colorado case law and a plain reading of the WCA, that Plaintiff has no cause of action, claim, or remedy at law or in equity against Travelers because the WCA does not provide Plaintiff with such a right.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Trantham v. Super T. Transp., Inc.*, 311 F. Supp. 3d 1247, 1250 (D. Colo. 2018). Summary judgment is proper if the pleadings, depositions, documents, answers to interrogatories, admissions, affidavits or other materials show there is no genuine issue

of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A summary judgment motion may be filed when a party seeks to have the Court determine whether a trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If the Court determines that no reasonable factfinder would be able to find in the non-movant's favor, there is no need for trial and judgment should enter for the movant. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Even if the party moving for summary judgment would not bear the burden of proof at trial, in filing the motion, the movant bears the burden of showing an absence of genuine dispute about material facts. *Mike Naughton Ford, Inc. v. Ford Motor Co.*, 862 F. Supp. 264, 267 (D. Colo. 1994). In determining when summary judgment is proper, evidence and any reasonable inferences drawn from the evidence is viewed in the light most favorable to the nonmoving party. *T.D. v. Patton*, 868 F.3d 1209, 1219 (10th Cir. 2017).

The burden then shifts to the non-movant to prove by admissible evidence that there is an actual, genuine controversy about a material fact. *Newland v. Stevinson Toyota E., Inc.*, 505 F. Supp. 2d 689, 696 (D. Colo. 2007); *Celotex*, 477 U.S. at 321-325. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *State Farm Fire & Cas. Co. v. Larsen*, No. 19-CV-03578-RM-NRN, 2020 WL 7417558, at *1 (D. Colo. Dec. 18, 2020). "The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997).

## **UNDISPUTED FACTS**

1. Plaintiff and the Tortfeasor were involved in a motor vehicle accident on September 10, 2019. **Pl.'s Compl., (DOC. 6) at ¶6-10, Scheduling Order, (DOC.18), Undisputed Fact No.1, at 4.**

2. Plaintiff allegedly suffered personal injuries as a result of the accident. **Pl.'s Compl.,** (DOC.6) **at ¶6-13.**

3. Plaintiff settled his liability claims with the Tortfeasor and his motor vehicle insurance carrier, Progressive Preferred Insurance Company ("Progressive"), for the liability policy limits. **Scheduling Order, (DOC.18), Undisputed Fact Nos.3-5, at 4-5.**

4. At the time of the accident, CMI Legacy had an insurance policy with Travelers Property Casualty Policy No. 810-8M911318-19 (the "Policy"), which can provide uninsured motorist coverage. **Pl.'s Compl., (DOC. 6) at Ex. ¶¶14-16, and Scheduling Order, (DOC.18), Undisputed Fact No.8, at 5.**

5. **"The Policy was issued to Mr. Klabon's employer, CMI Legacy, Inc." Pl.'s Compl., (DOC. 6) at ¶16.**

6. At the time of the accident, Plaintiff was driving a vehicle owned by CMI Legacy. **Scheduling Order, (DOC.18), Undisputed Fact No.7, at 5.**

7. At the time of the accident, Plaintiff was employed with CMI Legacy. **Scheduling Order, (DOC.18), Undisputed Fact No.6, at 5.**

8. At the time of the accident, Plaintiff was driving in the course and scope of his employment with CMI Legacy. **Scheduling Order, (DOC.18), Undisputed Fact No.9, at 5.**

9. As a result of the September 10, 2019 accident, Plaintiff received workers' compensation benefits. **Scheduling Order, (DOC.18), Undisputed Fact No.10, at 5.**

10. Although Plaintiff chose to treat his injuries under the WCA through CMI Legacy's Workers' compensation insurer, he made an underinsured motorist claim under his employer, CMI Legacy's, commercial automobile policy provided by Travelers. **Pl.'s Compl., (DOC. 6) at ¶ 21; see also Scheduling Order, (DOC.18), Plaintiff's Statement of Claims, at 3, "**Mr. Klabon brings claims for UIM benefits owed under the policy...against Travelers.**"**

## LEGAL AUTHORITY AND ARGUMENT

There are two elements of the WCA that bar Plaintiff's claims. The first is the exclusivity provisions of the WCA that eliminate all causes of action except for those provided within the WCA. C.R.S. § 8-41-104. The second is employer-employee immunity principles created by the WCA that extends to insurers as well. C.R.S. § 8-41-102. Recently, Colorado courts have interpreted these WCA provisions and found that their broad language provides an exclusive remedy. *See Ward v. Acuity*, 2022 WL 824436 at *4 (D. Colo. Mar. 18, 2022); *Ryser v. Shelter Mutual Insurance Company*, 480 P.3d 1286, 1291 (Colo. 2021); and *Martin v. The Travelers Indem. Co. & Cal. Cas. Indem. Exch.,* Case No. 22 CV 30414 (Colo. Dist. Ct. December 28, 2022)(Volz, E.)(Arapahoe County

District Court), **Exhibit A.** The WCA and these recent holdings support summary judgment in Travelers' favor.

I.      *Recent Colorado cases have interpreted the WCA's exclusivity and immunity provisions to bar an employee's UM/UIM claims from his employer's UM/UIM carrier.*

Three recent cases have interpreted the WCA's exclusivity and immunity provisions and found that these provisions bar an injured worker from pursuing UM/UIM damages against his employer's insurance carrier. *Martin*, 22 CV 30414 at *5 (third-party tortfeasor); *Ward*, 2022 WL 824436 at *4 (third-party tortfeasor); *Ryser*, 480 P.3d at 1291 (co-employee tortfeasor). All three of these cases interpreted and relied on the exclusivity and immunity provisions of the WCA statute, but they differ from each other in that two dealt with a third-party tortfeasor (*Martin* and *Ward*), while the other dealt with a co-employee tortfeasor (*Ryser*). Each of these cases will be addressed in turn but, for the reasons outlined below, this is a distinction without a difference based on the holdings of both cases and the plain language of the WCA.

In *Ward*, the court held that the WCA bars a workers' compensation plaintiff from seeking underinsured motorist coverage under an employer's policy for alleged injuries arising from a third-party tortfeasor. *Ward*, 2022 WL 824436 at *4. In that case, a plaintiff was injured in an auto accident by a third-party tortfeasor while working within the course and scope of his employment. *Id*. at *1. The plaintiff treated under his employer's workers' compensation policy. *Id*. The plaintiff then brought a claim against his employer's UM/UIM

commercial auto policy that was provided by Acuity. *Id.*[1] Acuity argued that the WCA was Plaintiff's exclusive remedy. *Id.*

In *Ward*, the court analyzed the plain language of the WCA, and held that the WCA abolishes "'all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies . . . except as provided in [the WCA].'" *Id.* at *3 *citing* C.R.S. § 8-41-104. Moreover, the court held that an employer "in compliance with the WCA **and its insurance carrier** shall not 'be subject to any other liability for the death of and or personal injury to any employee.'" *Id.* (emphasis added) *citing* C.R.S. § 8-41-102. It noted that its interpretation of the statute was consistent with the Colorado Supreme Court's interpretation of the WCA in *Ryser*, and that the broad exclusivity provisions of the WCA controlled to bar the injured worker's UM/UIM claim against his employer's UM/UIM carrier. *Id.* at *4; *see also Ryser*, 480 P.3d at 1290-91 (holding "[t]he WCA's exclusivity provisions abolish any causes of action related to personal injuries").

*Ward* further held that allowing a plaintiff to recover both WCA damages and UIM damages would be illogical and undermine the public policy and plain language behind the statute. *Ward*, 2022 WL 824436 at *4. Thus, the court granted Acuity's motion for summary judgment and dismissed plaintiff's underinsured motorist claim. *Id.*

In conjunction with the federal district court's holding in *Ward*, a Colorado State District Court in Arapahoe County, similarly held that the WCA barred a plaintiff from making a claim against the employer's UM/UIM policy when he initially received workers compensation benefits. *Martin*, 22 CV 30414 at *5. In the *Martin* case, the plaintiff alleged

---

[1] We note that Acuity did not provide the employer's workers' compensation coverage.

he was injured while using a covered vehicle and was in the course and scope of his employment. *Id.* at *1. The plaintiff was treated under his employer's workers compensation policy and was provided benefits pursuant to the WCA. *Id.* He subsequently made a claim against his employer's UM/UIM commercial auto policy. *Id.*[2] The UM/UIM insurer, citing to *Ward*, alleged the plaintiff was barred from bringing his UM/UIM claim under the WCA's exclusivity and immunity provisions. *Id.* The *Martin* Court analyzed the WCA exclusivity provisions, and, finding *Ward*'s reasoning persuasive and in line with other prevailing Colorado case law, determined the plaintiff's claims against his employer's UM/UIM insurer were barred. *Id.* at *4; *See also*, *Markel Insurance Company, v. Hollandsworth*, 400 F.Supp 3d 1155, 1160 (D.Colo. 2019); *Del Valle v. Cal. Cas. Indem. Exch.*, 2022 WL 17347880, 2022 COA 138 (Colo. App. 12/1/22); *Horodyskyj v. Karanian*, 32 P3d 470, 474 (Colo. 2001).

Similarly, in *Ryser*, the Colorado Supreme Court held that an injured worker could not recover UM/UIM damages from his employer's UM/UIM insurer, when his injuries arose from the negligence of a co-employee tortfeasor, because of the exclusivity and immunity provisions of the WCA. *Ryser*, 480 P.3d at 1291. Although *Ryser* arose in the context of a co-employee tortfeasor, it is nevertheless instructive because the Colorado Supreme Court analyzed the exclusivity and immunity provisions of the WCA, and held the following:

> [T]he WCA's exclusivity provisions **abolish any causes of action related to personal injuries** like those at issue here . . . and, upon participating in the workers' compensation system, **all employees surrender their rights to any method form, or amount of**

_____

[2] We note that Travelers did not provide the employer's workers' compensation insurance.

> **compensation or determination thereof or to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding for or on account of such personal injury**.
>
> In our view, the expansive wording of the WCA controls in this case. [The WCA] provides that "*all* causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies for and on account of such . . . personal injury to [an] employee and accruing to any person are abolished except as provided in said articles. (Emphasis added.) That section further provides that **the immunity afforded the employer extends to the employer's insurance carrier**.

*Id.* (emphasis added) *citing* C.R.S. § 8-41-104 (exclusivity) *and* C.R.S. § 8-41-102 (immunity).

Thus, the *Ryser* court held that the WCA means what it says when it declares that an employee who treats under the WCA surrenders all causes of action, remedies, etc. except as provided within those articles and that the WCA's immunity extends to an employer's insurer. *Ryser,* 480 P.3d at 1291. Notably, the insurer in *Ryser* was the employer's UM/UIM carrier, not its workers' compensation carrier. *Id.* at 1288. Additionally, the claims that were barred in *Ryser* were contractual UM/UIM claims asserted against the employer's insurer, not tort claims against the co-employee. *Id.* Thus, *Ryser* interpreted the WCA exclusivity provision to abolish all claims arising from the work-related incident including contractual claims against any person or entity, including an employer's UM/UIM carrier, except as provided by the WCA. *Id.* at 1291.

As will be explained in greater detail in **Section II**, the only cause of action granted to employees by the WCA is in section C.R.S. § 8-41-203(1) against third-party tortfeasors. There is no cause of action delineated to sue UM/UIM insurers, and it has

been consistently held that UM/UIM carriers are not "tortfeasors" as defined by C.R.S. § 8-41-203(1). *See, e.g.*, *State Compensation Ins. Fund v. Commercial Union Ins. Co.*, 631 P.2d 1168, 1169 (Colo. App. 1981); *Menapace v. Alaska National Insurance Company*, 491 F. Supp.3d 924, 926 (D. Colo. 2020) (holding that "[a]s interpreted by the Colorado Court of Appeals, a UIM insurer is not a third-party tortfeasor to whom [C.R.S. § 8-41-203(1)] applies.").

While Travelers recognizes that *Ryser* deals with a slightly different factual scenario than the one presented, statutes are not interpreted differently just because the underlying facts or the identity of the tortfeasor are different. Statutes mean what they say regardless of the underlying factual circumstances. When the *Ryser* Court interpreted the WCA to mean that <u>*all*</u> causes of action and remedies are surrendered when an injured worker treats under the same, that is true regardless of the factual circumstance. Thus, while the case may be factually distinguishable, the Colorado Supreme Court's statutory interpretations of the WCA's exclusivity and immunity provisions are black letter law and are binding precedent. When the law is applied to this case, it is apparent that Plaintiff does not have a cause of action against Travelers, whose named insured on its policy is Plaintiff's employer, CMI Legacy. Plaintiff surrendered it by treating under the WCA, and the WCA did not revive or create a 'new' cause of action upon which to sue or make a claim. Moreover, CMI Legacy's immunity is extended to Travelers because the holdings of *Ward* and *Ryser* interpret the employer's immunity to extend to its insurers.

**II.     The plain language of the WCA mandates that Plaintiff's claims against Travelers Property Casualty be dismissed.**

When interpreting a statute, a court is to give effect to the intent of the General Assembly by looking first at the statute's plain language. *Vigil v. Franklin*, 103 P.3d 322, 327 (Colo. 2004). Additionally, a court is required to apply the statute as written. *Id.* Finally, when the General Assembly enacts a statute, the entire statute is intended to be effective. C.R.S. § 2-4-201(1)(b); *see also Vigil*, 103 P.3d at 327.

The WCA explicitly provides that it is the exclusive remedy for employees that elect to treat work-related injuries through Colorado's workers' compensation system. As part of effectuating this purpose, employers and employees "mutual[ly] renounce[] their common law rights and defenses." C.R.S. § 8-40-102(1). Specifically, the WCA provides, in pertinent part, as follows:

> An election under the provisions of section 8-40-302(5) and in compliance with the provisions of articles 40 to 47 of this title, including the provisions for insurance, **shall be construed to be a surrender by the employer, such employer's insurance carrier, and the employee of their rights to any method, form, or amount of compensation or determination thereof or to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding for or on account of such personal injuries or death of such employee other than as provided in said articles,** and shall be an acceptance of all the provisions of said articles, and shall bind the employee personally, and, for compensation for such employee's death, the employee's personal representatives, surviving spouse, and next of kin, as well as the employer, such employer's insurance carrier, and those conducting their business during bankruptcy or insolvency.

C.R.S. § 8-41-104 (emphasis added).

In this case, the plain language of the WCA abolishes an employee's rights to pursue any "method, form, or amount of compensation," any cause of action, including at law or in equity, and any statutory or common-law right or remedy on "account of" such

personal injuries or death except as provided by the WCA. C.R.S. § 8-41-104. Thus, the broad and plain language of the WCA shows it was the intent of the General Assembly to abolish employees' rights to pursue any cause of action or remedy against any person or entity arising from the personal injury or death of an employee except as provided within the WCA.[3] *See* C.R.S. § 8-40-102(1)*; see also Ryser*, 480 P.3d at 1291.

The WCA then specifically delineates a cause of action that states an employee or an employee's next of kin can pursue a claim against a negligent third-party not in the same employment.

> If any employee entitled to compensation under articles 40 to 47 of this title is injured or killed by **the negligence or wrong of another not in the same employ**, such injured employee or, in case of death, such employee's dependents, **may take compensation under said articles and may also pursue a remedy against the other person** to recover any damages in excess of the compensation available under said articles.

C.R.S. § 8-41-203(1) (emphasis added).

Thus, in order to give <u>full</u> effect to the WCA and abide by its plain meaning, C.R.S. § 8-41-104 must be interpreted that when an employee participates in the WCA, then all legal and equitable remedies arising from the personal injury or death against any person or entity are abolished, and the employee can only proceed legally or equitably as directed by the WCA. C.R.S. § 8-41-203(1) is then effective because it creates or revives all previously abolished causes of action against third-party tortfeasors, only.

---

[3] Notably, the exclusivity language of the WCA is even stronger than that found in Colorado's Premises Liability Act, which the Colorado Supreme Court held in *Vigil* abolished all common law causes of action and defenses except as provided within the Premises Liability Act. *Compare* C.R.S. § 13-21-115(3) (Colorado Premises Liability Act) *to* C.R.S. § 8-41-104 and C.R.S. 8-41-102(1) (the WCA).

However, Colorado courts have consistently held that an underinsured motorist carrier is not a third-party "tortfeasor" within the purview of C.R.S. § 8-41-203(1). *See, e.g.*, *Colorado Ins. Guar. Ass'n v. Menor*, 166 P.3d 205, 213 (Colo. App. 2007) (holding "a UM/UIM insurer is not a third-party tortfeasor within the purview of [C.R.S.] § 8-41-203"); *McMichael v. Aetna Ins. Co.*, 878 P.2d 61, 64 (Colo. App. 1994) (same); *State Compensation Ins. Fund v. Commercial Union Ins. Co.*, 631 P.2d 1168, 1169 (Colo. App. 1981) (same); *Menapace v. Alaska National Insurance Company*, 491 F. Supp.3d 924, 926 (D. Colo. 2020) (same). Moreover, the Colorado Court of Appeals has held that UM/UIM carriers are also not "alter egos" of a negligent tortfeasor. *Menor*, 166 P.3d at 213 (holding "[t]he UM/UIM insurer does not become the alter ego of the tortfeasor by virtue of providing protection to the insured for injuries caused by the tortfeasor"). Because UM/UIM carriers are not within the purview of C.R.S. § 8-41-203(1), that section cannot provide the basis for an employee's cause of action against UM/UIM carriers. Thus, there is no authorized cause of action within the WCA that allows employees to make claims against their employer's UM/UIM carriers.

Therefore, the WCA states that when an injured worker pursues a claim under the WCA, it is the exclusive remedy because the employee surrenders "**any**" cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding for on account of such personal injuries or death of such employee." C.R.S. § 8-41-104 (emphasis added). "Any cause of action" includes causes of action for breach of contract, bad faith, or statutory UIM claims. *See Ryser*, 480 P.3d at 1291; *Ward*, 2022 WL 824436 at *4. The surrender of "[a]ny . . . statutory or common-law right [or] remedy" includes

contract rights and remedies so long as these surrendered causes of action and remedies are "on account of" the personal injuries or death of the employee. *See Ryser*, 480 P.3d at 1291; and *Ward*, 2022 WL 824436 at *4. UIM contract damages are "on account of" the personal injuries of the employee when the employee's alleged injuries or death arise from or are "on account of" a motor vehicle. *See* C.R.S. § 10-4-609(1)(a)(I) (UM/UIM statute).[4]

The WCA allows Plaintiff to recover workers' compensation damages as provided in the WCA, and it allows him to make a claim against the negligent, third-party tortfeasor, which Plaintiff did by recovering the Tortfeasor's policy limit. **Scheduling Order, (DOC. 18),** Undisputed Facts Nos. 3-5, at 4-5. However, the WCA does not revive or provide Plaintiff with a cause of action to recover damages against his employer's UM/UIM insurer.

III.    *Prior Colorado cases have not directly addressed the plain language of the WCA's exclusivity and immunity provisions, and they did not have the benefit of the Colorado Supreme Court's holding of the same in Ryser. Therefore, these cases have no binding authority.*

---

[4] Specifically, the UM/UIM statute describes its damages as:

Except as described in subsection (1)(a)(II) of this section, an automobile liability or motor vehicle liability policy insuring against loss **resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle**, which policy is delivered or issued for delivery in this state with respect to any motor vehicle licensed for highway use in this state, must provide coverage or supplemental coverage, in limits for bodily injury or death set forth in section 42-7-103(2), under provisions approved by the commissioner, **for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting from a motor vehicle accident.**

C.R.S. § 10-4-609(1)(a)(I)

Notwithstanding the above, some pre-*Ryser* courts have reached the conclusion that an injured worker can recover from an employer's UM/UIM insurer when the injured worker is struck by a third-party tortfeasor. *See Aetna Cas. & Surety Co. v. McMichael*, 906 P.2d 92 (Colo. 1995); *see also Laurienti v. American Alternative Insurance Corporation*, 2020 WL 9424250 at *3 (D. Colo. Jan. 2, 2020). These cases are inconsistent with the current position and trajectory of Colorado Courts, which recently determined that a workers compensation exclusion in a medical payments policy was not against public policy. *Del Valle,* 2022 COA 138.

In *McMichael*, an employee was injured by a third-party tortfeasor and treated under the WCA. *McMichael*, 906 P.2d at 100. He then sought damages from his employer's UM/UIM carrier. *Id.* at 93. The UM/UIM carrier did not raise the issue of whether the WCA's exclusivity and immunity provisions barred Plaintiff's claim. *Id.* at 93-100. Instead, the UM/UIM carrier argued that the UM/UIM statute did not require it to provide coverage co-extensively with the liability provisions of its policy, and it argued that its policy's workers' compensation exclusion barred coverage. *Id.* at 96, 99-100.

As a result, the *McMichael* Court never addressed the interplay between the WCA and UM/UIM statute, or how the WCA's immunity and exclusivity provisions apply in a third-party tortfeasor scenario. *Id.* at 99. Instead, it held that "insurers must provide UM/UIM coverage for the protection of persons insured under the liability policy that the insurer is issuing." *Id.*; *see also Ryser*, 480 P.3d at 1292. The only time the *McMichael* Court addressed the WCA was when it held that the WCA does not bar an injured worker from bringing a tort action against the driver who caused the accident. *McMichael*, 906

P.2d at 100 n. 7 (noting that "[t]he Workers' Compensation statute does not bar [plaintiff] from bringing a tort action against the driver who caused the accident.").

Because *McMichael* never addressed the interplay between the WCA and UM/UIM statute or interpreted the WCA's exclusivity and immunity provisions, its holding is of no consequence.[5] Therefore, the *McMichael* rationale should be given relatively little weight as compared to the plain language of the WCA, the Colorado Supreme Court's recent interpretation of the WCA's exclusivity and immunity provisions in *Ryser,* Judge Arguello's opinion in *Ward*, and Judge Volz's opinion in *Martin*.

Similarly, in *Laurienti*, the U.S. Dist. Ct. for the District of Colorado held that an injured employee that treats under the WCA could recover from an employer's UM/UIM insurer when the injured worker was struck by a third-party tortfeasor. *Laurienti v. American Alternative Insurance Corporation*, 2020 WL 9424250 at *3 (D. Colo. Jan. 3, 2020). However, *Laurienti's* holding relies primarily on a rationale and interpretation of the UM/UIM statute that is now defunct after the Colorado Supreme Court's decision in *Ryser*. Prior to *Ryser*, there was an interpretation of the UM/UIM statute's "legally entitled to collect" clause that was determinative of whether an injured worker could recover from an employer's UM/UIM carrier. *See Laurienti*, 2020 WL 9424250 at *2 (relying on the <u>Colorado Court of Appeal's</u> opinion in *Ryser* for the proposition that the interpretation of the UM/UIM statute controls); *see also Shelter Mut. Ins. Co.*, 486 P.3d 344, 350 (Colo. App. 2019).  *Laurienti* did not address the WCA issues presented here.

---

[5] This is legally irrefutable because the Colorado Supreme Court, itself, acknowledged that, in *McMichael*, it did not address the WCA's exclusivity and immunity provisions. *Ryser*, 486 P.3d at 1292.

A year after the *Laurienti* decision, the Colorado Supreme Court eradicated the rationale on which *Laurienti* relies by holding that an interpretation of the UM/UIM statute's 'legally entitled to collect clause' was irrelevant since the WCA was an injured worker's <u>exclusive</u> remedy when he chose to treat under its provisions. *Ryser*, 480 P.3d at 1291. Specifically, the Colorado Supreme Court held:

> We acknowledge the force of both Ryser's and Shelter's arguments regarding the proper interpretation of "legally entitled to recover" and "legally entitled to collect." We need not resolve this dispute here, however, **because even if Ryser's interpretation were correct and he could satisfy the facial requirements for recovering benefits under the Shelter policy and the UM/UIM statute, he still cannot prevail because allowing him to recover under the Shelter policy would directly conflict with the WCA's exclusivity** and co-employee immunity **principles**.

*Id.*

*Laurienti* also relied on *McMichael* for the proposition that the Colorado Supreme Court would not extend employer <u>immunity</u> to an employer's UM/UIM insurer. *See Laurienti*, 2020 WL 9424250 at *2-3. However, as noted above, there are a number of issues with relying on *McMichael* because that Court never addressed the interplay between the WCA and the UM/UIM statute, C.R.S. § 10-4-609, and did not perform a statutory interpretation of the exclusivity provisions of the WCA.

In *Del Valle* the Colorado Court of Appeals evaluated a medical payments policy exclusion for any "bodily injury" occurring during the course and scope of employment if workers compensation benefits are requested or available. *Del Valle*, 2022 COA 138 at ¶4. The plaintiff argued that the workers compensation exclusion was void as a matter of public policy, as it attempted to limit statutorily mandated coverage. The Court of Appeals determined that although an insurer is mandated to provide medical payment coverage,

an insured is not required to carry medical payments coverage and pay opt out. *Id.* at ¶14.[6] The *Del Valle* Court went on to discuss that "[b]ecause an employee injured in a car accident while at work has the security of obtaining workers' compensation benefits in the first instance, the workers' compensation exclusion is consistent with the strong policy underlying the [WCA]." *Id.* at ¶21. The *Del Valle* holding by the Colorado Court of Appeals, in conjunction with *Ryser* opinion from the Colorado Supreme Court, signal a shift in the Colorado Courts' position from the limiting views espoused in *McMichael* and *Laurienti* towards disallowing double recovery and upholding the public policy underlying the WCA as propounded by the Colorado Legislature.

## IV.   The WCA's employer immunity is extended to an employer's UM/UIM carrier because the employer is being exposed to liability.

The employer's UM/UIM carrier is providing coverage paid for by the employer and, when an employee makes a claim on the employer's UM/UIM policy, the injured worker is double recovering from his employer in a way that financially harms the employer. *See Continental Divide Ins. Co. v. Dickinson,* 179 P.3d 202, 208 (Colo. App. 2007). Colorado courts have previously held that the WCA's employer immunity principles bar UM/UIM claims against an employer's UM/UIM carrier when the tortfeasor is a co-employee. *See, e.g.*, *Markel Insurance Co. v. Hollandsworth*, 400 F.Supp.3d 1155, 1160 (D. Colo. 2019); *Employers Mutual Casualty Company v. Trejo*, 2019 WL 2341557 at *2 (D. Colo. June 3, 2019). While these cases are factually distinguishable, the underlying

---

[6] We note that, similar to the medical payments coverage statutory scheme, UM/UIM coverage is statutorily mandated to be offered as part of a policy, but an insured is not required to carry UM/UIM coverage. *See* C.R.S. §10-4-609 compared to C.R.S. §10-4-635.

rationales provide support for extending immunity to employers' UM/UIM carriers regardless of the tortfeasor like the court in *Ward* held. *Ward*, 2022 WL 824436 at *4.

The employer's UM/UIM carrier is providing coverage paid for by the employer and, when an employee makes a claim on the employer's UM/UIM policy, the injured worker is double recovering from his employer in a way that financially harms the employer. *See Continental Divide Ins. Co. v. Dickinson,* 179 P.3d 202, 208 (Colo. App. 2007). Colorado courts have previously held that the WCA's employer immunity principles bar UM/UIM claims against an employer's UM/UIM carrier when the tortfeasor is a co-employee. *See, e.g.*, *Markel Insurance Co. v. Hollandsworth*, 400 F.Supp.3d 1155, 1160 (D. Colo. 2019); *Employers Mutual Casualty Company v. Trejo*, 2019 WL 2341557 at *2 (D. Colo. June 3, 2019). While these cases are factually distinguishable, the underlying rationales provide support for extending immunity to employers' UM/UIM carriers regardless of the tortfeasor like the court in *Ward* held. *Ward*, 2022 WL 824436 at *4.

Similarly, in *Markel*, a plaintiff was riding as a passenger in an ambulance when his co-employee negligently crashed the ambulance causing injury to plaintiff. *Markel*, 400 F.Supp.3d at 1156. Plaintiff was working within the course and scope of his employment at the time of the accident, and he treated through workers' compensation. *Id*. Plaintiff then sued for UIM coverage under the employer's policy. *Id*. The Court stated that it was dispositive that the employer procured the UM/UIM policy and held:

> Allowing [the injured worker] to recover under [the] UM/UIM Policy would allow [the injured worker] to recover **additional damages that stem from his immune employer, and thus erode the public policies of the WCA and UM/UIM statute**. . . The Court therefore predicts that, if presented with the question joined in this action, the Colorado Supreme Court would hold that **an employee injured**

> **during the course of employment cannot claim benefits under his or her employer's UM/UIM policy in addition to workers' compensation**. In that light, [plaintiff] cannot claim benefits under [the employer's] UM/UIM policy issued by [the employer's insurer]. The Court thus grants [the UIM insurer's] Motion for Summary Judgment in its favor.

*Id.* at 1160 (emphasis added).

The *Trejo* and *Markel* rationales logically apply regardless of whether the tortfeasor was a co-employee or a third-party because the additional damages, regardless of the tortfeasor, are all coming from the same place, the employer's UM/UIM insurer. Moreover, this UM/UIM coverage is being paid for by the employer in the form of premiums and deductibles. As a result, when an injured worker recovers from an employers' UM/UIM carrier he is double recovering from his immune employer in a way that the WCA's employer immunity principles disallow. Although *Trejo* and *Markel* are federal court cases, their holdings follow the current position and leanings of prevailing Colorado Courts as discussed above in *Del Valle*. As a result, Plaintiff's claims against Travelers Property Casualty should be dismissed in this case because it carries the statutory immunity of Plaintiff's employer, CMI Legacy.

## CONCLUSION

The material facts are not disputed. Based on the foregoing law, Travelers Property Casualty is entitled to summary judgment in its favor on all remaining claims pleaded against it by Plaintiff. Specifically, when the plain language of the WCA is considered, an injured worker that treats under the WCA lacks a cause of action to pursue an employer's UM/UIM carrier because they surrendered all causes of actions and remedies except those provided by the WCA, and the WCA provides no such cause of

action for an injured worker to sue an employer's UM/UIM carrier. As such, Travelers Property Casualty moves this Court to grant its Motion for Summary Judgment and dismiss Plaintiff's claims against it in their entirety.

Respectfully filed this 28th day of March, 2023.

MONTGOMERY AMATUZIO
CHASE BELL JONES, LLP

By:  s/ Max K. Jones
        Max K. Jones, Reg No. 35483
        Maddin M. Nelson, Reg No. 50778

4100 E. Mississippi Ave., 16th Floor
Denver, Colorado 80246
Telephone: (303) 592-6600
mjones@mac-legal.com
mnelson@mac-legal.com

Attorneys for Travelers Property
Casualty Company of America

## CERTIFICATE OF SERVICE

I hereby certify that, on March 28, 2023, a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT** was prepared for service to the following in the manner indicated below:

*Attorneys for Plaintiff:*

George A. Norelli (#53898)
BENDINELLI LAW FIRM, P.C.
9035 Wadsworth Pkwy., Suite 4000
Westminster, CO 80021
Phone: 303.940.9900
Fax: 303.940.9933
Email: GAN@COLawFirm.com

☐ U.S. Mail   ☐ Email   ☒ ECF

_s/ Ellen H. Zuckerman_
[Signature on File: ]