IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02557-NRN

KEVIN KLABON,

Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

Defendant.

## ORDER CERTIFYING QUESTION TO COLORADO SUPREME COURT

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court on consent of the parties to magistrate judge jurisdiction (*see* Dkt. #14) and an Order of Reference (Dkt. #16) entered by Judge Robert E. Blackburn on January 11, 2023.

Under Colorado Appellate Rule 21.1(a), when requested, the Colorado Supreme Court may answer questions of law certified to that court by a federal court "if there is involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court." Such legal questions are determined de novo by the Colorado Supreme Court. *See generally, Hernandez v. Ray Domenico Farms, Inc.*, 2018 CO 15, ¶ 5, 414 P.3d 700, 702.

The instant case raises precisely the kind of question of statutory interpretation and public policy that calls for resolution by Colorado's high court. The issue relates to the interplay between Colorado's Workers' Compensation Act ("WCA"), Colo. Rev. Stat. §§ 8-41-101, *et seq.*, and Colorado's Uninsured/Undersinsured Motorist Statute ("UM/UIM"), Colo. Rev. Stat. § 10-4-609, and is best resolved by the Colorado Supreme Court, rather than be left to the guesswork of a federal judges.

**<u>Question to be certified to the Colorado Supreme Court:</u>**

*Whether an employee injured in the course of his employment by the acts of an underinsured <u>third-party tortfeasor</u>, and who receives worker's compensation benefits as a result, is barred, under Colorado's Workers' Compensation Act, Colo. Rev. Stat. § 8-41-104, from bringing suit against his employer's UM/UIM insurer?*

This question raises a potential conflict between the text of the WCA, as recited in the Colorado Supreme Court's decision in *Ryser v. Shelter Mutual Insurance Co.*, 480 P.3d 1286 (Colo. 2021) (holding that WCA precluded lawsuit against employer's UIM insurance carrier), and *Aetna Casualty & Surety Co. v. McMichael*, 906 P.2d 92 (Colo. 1995) (finding that injured employee is entitled to make a claim for UM/UIM benefits under employer's automobile policy when injury was caused by third-party tortfeasor).

Colorado's federal district judges have recently been struggling with this question, as it seems to arise with some frequency. *See, e.g.*, *Ward v. Acuity*, 591 F. Supp. 3d 1003 (D. Colo. Mar. 18, 2022) (predicting that the Colorado Supreme Court would hold that the WCA provides the exclusive remedy for workplace injuries, and therefore would preclude a claim for UIM benefits from employer's insurer, even where the tortfeasor was a third-party and not a co-employee); *Laurienti v. Am. Alternative Ins. Corp.*, No. 19-cv-01725-DDD-KLM, 2020 WL 9424259 (D. Colo. Jan. 3, 2020) (drawing distinction between injury caused by co-employee and injury caused by third party, and

2

allowing an injured employee who had received workers' compensation benefits to also seek recovery under employer's UIM policy); *Markel Ins. Co. v. Hollandworth*, 400 F. Supp. 3d 1155, 1158 (D. Colo. 2019) (citing *McMichael*, 906 P.2d at 100, for proposition that an injured employee was entitled to benefits under both the workers' compensation scheme and his employer's UM/UIM policy because UM/UIM "benefits substitute for benefits that [the injured employee] would have received from the motorist who caused his injuries. The benefits do not constitute workers' compensation benefits and do not result because of a suit brought by [the injured employee] against [his employer]").

A definitive statement by the Colorado Supreme Court answering this challenging question would be welcome, as uninsured/underinsured motorist claims make up a substantial portion of the District of Colorado's docket, with numerous state cases being removed to federal court by out-of-state insurers based on diversity jurisdiction.

**Statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose**

1. This case involves an underinsured motorist and bad faith lawsuit that arises out of an automobile accident.

2. The accident occurred while Plaintiff Kevin Klabon was working within the course and scope of his employment at CMI Legacy, LLC ("CMI Legacy").

3. On September 10, 2019, Mr. Klabon was operating a vehicle owned by CMI Legacy.

4. On that date, Mr. Klabon was injured as a result of an automobile accident caused by a third-party tortfeasor (the "Tortfeasor"), who was not an employee of CMI Legacy.

5. The Tortfeasor carried $25,000 in bodily injury insurance coverage with Progressive Preferred Insurance Company ("Progressive").

6. Mr. Klabon settled his liability claims with the Tortfeasor and Progressive for policy limits.

7. At the time of the accident, CMI Legacy had a commercial automobile insurance policy issued by Travelers Property Casualty ("Travelers") which included UM/UIM coverage with limits of $1,000,000.

8. As a result of injuries suffered in the accident, Mr. Klabon received workers' compensation benefits under the WCA.

9. Mr. Klabon also made an underinsured motorist (UIM) claim under CMI Legacy's commercial automobile policy.

10. After Mr. Klabon made his claim, Travelers paid Mr. Klabon more than $45,000 in UIM benefits pursuant to *State Farm Mut. Automobile Insurance Co. v. Fisher,* 418 P.3d 501 (Colo. 2018).

11. Unhappy with Travelers' resolution of his claim, Mr. Klabon sued for breach of contract and bad faith.

12. On receipt of the lawsuit, Travelers asserted for the first time that, because Mr. Klabon had received workers' compensation benefits, he was precluded, under Colo. Rev. Stat. § 8-41-104, from bringing an action against Travelers for UM/UIM benefits.

13. On March 28, 2023, Travelers moved for early summary judgment, focusing exclusively on the legal question whether receipt by Mr. Klabon of workers' compensation benefits precluded the suit against Travelers. *See* Dkt. #20.

14. On April 18, 2023, Mr. Klabon filed his opposition to Travelers' summary judgment motion, emphasizing that the accident and injuries in this case were caused by an underinsured third party, not a co-employee, and therefore was not precluded by the rule articulated in *Ryser v. Shelter Mutual Insurance Co,,* 480 P.3d 1286 (Colo. 2021). *See* Dkt. #21.

15. On May 2, 2023, Travelers filed its reply in support of summary judgment. *See* Dkt. #22.

16. This Court heard oral argument on the summary judgment motion on May 24, 2023. During argument, the Court raised sua sponte whether this issue should be certified as a question to the Colorado Supreme Court. Travelers' counsel agreed that this is an issue that should be addressed by the Colorado Supreme Court. Mr. Klabon's counsel argued that certifying the question was not necessary because the Colorado Supreme Court has already answered

4

the question via its decision in *Aetna Casualty & Surety Co. v. McMichael*, 906 P.2d 92 (Colo. 1995).

**Respective positions of the Parties and the need for clarity from the Colorado Supreme Court**

**Travelers' Position:**

Travelers argues that the plain language of the WCA, Colo. Rev. Stat. § 8-41-104, makes Mr. Klabon's receipt of workers' compensation benefits the exclusive method of recovery for his injuries and precludes any claim or lawsuit against his employer's UM/UIM carrier. Travelers' relies on the following language:

> An election under the provisions of section 8-40-302(5) and in compliance with the provisions of articles 40 to 47 of this title, including the provisions for insurance, shall be construed to be a surrender by the employer, such employer's insurance carrier, and the employee of their rights to any method, form, or amount of compensation or determination thereof or to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding for or on account of such personal injuries . . . .

Colo. Rev. Stat. § 8-41-104. In short, Travelers makes the point that by accepting workers' compensation benefits, Mr. Klabon surrendered any and all other legal remedies for his actions (exclusive of a claim against the tortfeasor), including a claim against his employer's UM/UIM carrier. Indeed, the statute specifically provides immunity to the employer's insurer.

Travelers turns for support to the Colorado Supreme Court's decision in *Ryser*. In *Ryser,* the Colorado Supreme Court, relying on the WCA's exclusivity and co-employee immunity principles, barred a UM/UIM claim where an employee was injured in an accident caused by a co-employee. Analyzing both the WCA and Colorado's UM/UIM statute (Colo. Rev. Stat. § 104-609), the Colorado Supreme Court in *Ryser* re-stated the long-held proposition that the WCA "provides the *exclusive* remedy to a covered

5

employee for injuries sustained while the employee is performing services arising in the course of his or her employment." 480 P.3d at 1290 (quoting *People v. Oliver*, 405 P.3d 1165, 1171 (Colo. 2016)). The *Ryser* court held that the plaintiff could not prevail against the employer's UIM carrier because "allowing him to recover under the [UIM] policy would directly conflict with the WCA's exclusivity and co-employee immunity principles." *Id*. at 1291.

Importantly, the Colorado Supreme Court in *Ryser* distinguished the *McMichael* case, where the plaintiff had been injured by a third party (not a co-employee) and was allowed to recover both workers' compensation benefits and UIM from the employer's carrier. In explaining why *McMichael* did not control the outcome*,* the *Ryser* court explained: "Because the plaintiff in *McMichael* was injured by the negligence of an unrelated tortfeasor (i.e., a tortfeasor who was not a co-employee), we had no occasion to consider either the WCA, its exclusivity or co-employee immunity principles, or the interplay between the UM/UIM statute and the WCA." *Id*. at 1292.

Notwithstanding the Colorado Supreme Court's distinguishing the situation of an accident caused by a third party versus a co-employee, in Travelers' view, the exclusivity principles articulated in *Ryser* nevertheless should apply to an accident caused by a third-party non-employee. Travelers argues that if the Colorado Supreme Court *had* considered and examined the interplay between the UM/UIM statute and the WCA in the *McMichael* case (involving a non-employee tortfeasor), that case would have come out differently.

This was precisely the conclusion reached by my colleague, Judge Christine M. Arguello, in the case of *Ward v. Acuity*, 591 F. Supp. 3d 1003 (D. Colo. Mar. 18, 2022).

6

In *Ward,* Judge Arguello confronted exactly the situation seen in this case, where an accident was caused by a third party (not a co-employee). The injured employee received workers' compensation and also sought UIM benefits from his employer's automobile insurance. Notwithstanding the *McMichael* decision, Judge Arguello found there was no controlling Colorado precedent and felt that the issue required an examination (similar to that seen in *Ryser*) of the "interplay between the Workers' Compensation Act of Colorado . . . and Colorado's UM/UIM statute . . . ." 591 F. Supp. at 1004. Judge Arguello distinguished the holding in *McMichael,* stating, "Although the *McMichael* court determined that the employee was among the class of insured covered by his employer's UM/UIM policy, the court did not address whether an employee could recover UM/UIM benefits from his employer after having received workers' compensation for the same injury." *Id*. at 1006. Citing *Ryser*, Judge Arguello ultimately found that "the expansive wording of the WCA controls," even in a case involving a third party (non-employee) tortfeasor. Said Judge Arguello, "Allowing Plaintiff to recover both WCA benefits and UM/UIM benefits from [the UIM carrier] would be illogical and undermine the public policy behind the WCA." *Id*. at 1007.

Following Judge Arguello's reasoning in *Ward*, in December 2022, Judge Elizabeth Beebe Volz of the Arapahoe County District Court issued a similar decision, summarily dismissing a UIM breach of contract claim by a Montezuma County deputy sheriff on the ground that the deputy had received workers' compensation benefits as a result of the same incident. *See Martin v. The Travelers Indemnity Co.*, Case No. 2022cv20414 Div. 202 (Colo. Dist. Ct. Dec. 28, 2022) (attached hereto as **Ex. A**). The *Martin* court held that the WCA provides exclusive remedies for employees suffering

work-related injuries and bars a UIM claim (or a lawsuit based on a UIM policy) by a workers' compensation beneficiary even where to tortfeasor was a third party non-employee.

### Mr. Klabon's Positon

Mr. Klabon emphasizes that there is a fundamental difference between an accident or injury caused by a third party and one caused by the employer or a co-employee. In Mr. Klabon's view, citing *Ryser*, there is no need to examine or even consider the WCA in a case involving a third party tortfeasor. Instead, the policies embodied in the WCA are not implicated when injury is caused by a third party non-employee. This was this distinction made (and the argument accepted) by my colleague Judge Daniel D. Domenico in *Laurienti v. Am. Alternative Ins. Corp.*, No. 19-cv-01725-DDD-KLM, 2020 WL 9424259 (D. Colo. Jan. 3, 2020). It is fair to characterize Judge Domenico's conclusion in *Laurenti* as exactly the opposite of the decision reached by Judge Arguello in *Ward*. In *Laurenti*, Judge Domenico contrasted the WCA with the UIM statute which provides that UM/UIM benefits are available only to persons who are "legally entitled to recover." Colo. Rev. Stat. § 10-4-609(1)(a). Judge Domenico emphasized the distinction between an injury resulting from actions of a co-worker (who is given immunity from suit by the WCA) and injury from the actions of a third party. Recognizing that there is no decision precisely on point, Judge Domenico nevertheless harkened back to the *McMichael* decision, which had analyzed the issue as a contractual exclusion, and found that an injured employee was entitled to sue for UIM benefits in addition to workers' compensation benefits because "[t]hese benefits substitute for benefits that [Plaintiff] would have received from the motorist who caused

8

his injuries. The benefits do not constitute workers compensation benefits and do not result because of a suit brought by [Plaintiff] against [his employer]." *Laurenti*, 2020 WL 9424250, at *3 (quoting *McMichael*, 906 P.2d at 100). In Judge Domenico's view, a case involving a third party tortfeasor simply "does not involve WCA immunity." *Id*.

Judge Domenico in *Laurenti* also noted that a number of other states have confronted this same question and concluded that workers compensation immunity does not bar a UM/UIM claim by an employee injured by a non-immunized third party tortfeasor. *Id* (*citing Henry v. Benyo*, 506 S.E.2d 615, 623 (W. Va. 1998) ("we hold that an employee who receives workers' compensation benefits for injuries that result from a motor vehicle collision with a third-party which occurs within the course and scope of the employee's employment is entitled to also assert, against his/her employer's motor vehicle insurance carrier, a claim for underinsured motorist benefits"); *Watts v. Sentry Ins.*, 876 So.2d 440, 442 (Ala. 2003) (same); *Lieber v. ITT Hartford Ins. Ctr.*, 15 P.3d 1030, 1035 (Utah 2000) (same); *Gardner v. Erie Ins. Co.*, 722 A.2d 1041, 1046–47 (Pa. 1999) (finding injured employee "legally entitled to recover" against co-employee's UIM policy where injuries resulted from negligence of a third party); *Philadelphia Indemnity Ins. Co. v. Morris*, 990 S.W.2d 621, 624–25 (Ky. 1999) (rejecting insurer's argument that employee injured by third party in course and scope of employment was precluded from obtaining UIM benefits on basis of workers compensation immunity)).

**Conclusion**

Thus, this Court finds itself confronted with: directly conflicting decisions from my respected colleagues in this Federal District Court (*Ward* and *Laurenti*); the language of the WCA statute that, by its terms, would seem to preclude any further recovery

9

(including UIM recovery) by a workers' compensation beneficiary; a recent state district court decision holding that UIM benefits are not available under these circumstances; a 1995 Colorado Supreme Court decision (*McMichael*) that militates in favor of UIM recovery by the workers' compensation beneficiary injured by a non-employee; and 2021 Colorado Supreme Court case (*Ryser*) that recognized the important policies behind the WCA and UIM statutes but did not give guidance as to whether WCA immunity should extend to a UIM/UM insurance carrier in the case of a third party non-employee tortfeasor.

The Court therefore finds itself without controlling precedent to resolve an important Colorado public policy question which stands to have significant impact on Colorado workers' compensation beneficiaries. Workers' compensation statutes and claims are usually considered to be solely within the province of state courts. *See, e.g.*, 28 U.S.C. § 1445(c)("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court in the United States."). While the split of opinion between my colleagues may ultimately be addressed by the United States Court of Appeals for the Tenth Circuit, even a decision by that esteemed body would not resolve this as a matter of Colorado law. The only court that can answer this question with finality as a matter of Colorado law is the Colorado Supreme Court.

Therefore, it is hereby **ORDERED:**

1. that the Court certifies the following question to the Colorado Supreme Court:

    *Whether an employee injured in the course of his employment by the acts of an underinsured or uninsured third-party tortfeasor, and who receives worker's compensation benefits as a result, is barred, under Colorado's*

*Workers' Compensation Act, Colo. Rev. Stat. § 8-41-104, from bringing suit against his employer's UM/UIM insurer?*

2. that, pursuant to Colorado Appellate Rule 21.1(d), the Clerk shall forward this Order to the Colorado Supreme Court under the Clerk's official seal, and the Clerk shall, if and when requested by the Colorado Supreme Court, forward any portion of the record which the Colorado Supreme Court may request;

3. that the Clerk shall attach as **Exhibit A** to this Order the December 28, 2022 decision from the Arapahoe County District Court in the case of *Martin v. The Travelers Indemnity* (found at Dkt. #20-1);

4. that Defendant's Motion for Summary Judgment (Dkt. #20) is **HELD IN ABEYANCE** pending a decision by the Colorado Supreme Court; and

5. that within five (5) days of any decision by the Colorado Supreme Court (either agreeing to or declining to accept this certified question), the parties are directed to contact chambers, 303-335-2403, to schedule a status conference;

Date: May 26, 2023

_____
**N. Reid Neureiter
United States Magistrate Judge**